Matter of Waxman (2025 NY Slip Op 04220)

Matter of Waxman

2025 NY Slip Op 04220

Decided on July 17, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 17, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2025-02518|Case No. 2025-00861|

[*1]In the Matter of Daniel Philip Waxman an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daniel Philip Waxman (OCA Atty Reg. 2552511), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daniel Philip Waxman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 17, 1993.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

In the Matter of Daniel Philip Waxman, an attorney
 Per Curiam
Respondent Daniel Philip Waxman was admitted to the practice of law in the State of New York by the First Judicial Department on May 17, 1993. At all times relevant to this proceeding, respondent has maintained a registered address within the First Judicial Department.
On April 4, 2024, respondent pleaded guilty in Rockland County Supreme Court to the class E New York felony of attempted dissemination of indecent materials to minors in the first degree, a violation of Penal Law §§ 110.00 and 235.22. On July 30, 2024, respondent was sentenced to a probationary term of five years, ordered to pay a $300 surcharge, a $25 crime victim's assistance fee, a $50 DNA databank fee, a $50 sex offender registration fee, and a $1,000 supplementary fee. During his plea allocution, respondent admitted that between May 22, 2023, and May 31, 2023, he used a messaging application on the internet to communicate with an individual whom he believed to be 14 years of age, but was actually an undercover investigator, with the intent to engage in sexual conduct.
By motion dated May 1, 2025, the Attorney Grievance Committee (AGC) moves for an order, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c)(1), striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York on the ground that he has been convicted of a felony as defined by Judiciary Law § 90(4)(e) and was automatically disbarred by operation of law as of the date thereof. Respondent does not oppose this Court issuing an order of disbarment, effective April 4, 2024.
Respondent's New York felony conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90(4)(b) and (e) (see Matter of Kossoff, 204 AD3d 167 [1st Dept 2022]; Matter of Hanlon, 180 AD3d 51 [1st Dept 2019]). As respondent was convicted of a New York felony, we agree that respondent was disbarred by operation of law as of April 4, 2024, the date of his conviction (see Matter of Cohen, 227 AD3d 18 [1st Dept 2024]; Matter of Solny, 213 AD3d 24 [1st Dept 2023]). "[T]he statutory language of Judiciary Law § 90(4)(a) clearly provides that automatic disbarment is self-executing and occurs at the time of conviction of a felony" (Matter of Reich, 206 AD3d 22, 24 [1st Dept 2022]).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the [*2]roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 4, 2024, the date of respondent's conviction, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), disbarring respondent, Daniel Philip Waxman, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to April 4, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Daniel Philip Waxman, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Daniel Philip Waxman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Daniel Philip Waxman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 17, 2025